KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@utah.gov

*Attorney for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTHONY B. BABBITT & J.PHILLIP WILLSON,<br><br>                    Plaintiffs,<br><br>v.<br><br>HON. MARK KOURIS, HON. CONSTANDINOS HIMONAS, COLIN WINCHESTER, MEMBERS OF THE UTAH JUDICIAL CONDUCT COMMISSION, & JOHN and JANE DOES 1-25,<br><br>                    Defendants. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br><br><br>Case No. 2:15-cv-208-BCW<br><br>Magistrate Judge Brooke C. Wells |

## MOTION

Defendants the Honorable Mark Kouris, the Honorable Constandinos Himonas,[1] Colin Winchester, and members of the Utah Judicial Conduct Commission, by and through counsel, Kyle J. Kaiser, Assistant Utah Attorney General, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), hereby move to dismiss the Civil Rights Complaint (doc. 1) filed by Plaintiffs Anthony B. Babbitt and J. Phillip Willson.  The bases of the Motion are:

- Plaintiffs' claims are barred by judicial or quasi-judicial immunity;

- Plaintiffs' claims are barred by the *Younger* abstention doctrine;

- Plaintiffs' claims for injunctive relief are barred by the Federal Courts Improvement Act; and

- Plaintiffs fail to state a claim against Judge Constandinos Himonas, Colin Winchester, and the members of the Utah Judicial Conduct Commission because plaintiffs articulated no facts or legal theory to base a claim for relief.

Accordingly, for these reasons, and for the reasons discussed in the Memorandum of Law attached to this Motion, Defendants request that the Court grant their motion, dismiss Plaintiff's Civil Rights Complaint with prejudice, and award other relief as just and necessary.

---

[1] Justice Himonas's first name is misspelled in Plaintiffs' Complaint as "Constantinos."

## **MEMORANDUM**

## **INTRODUCTION**

This case can be decided on just a few facts gleaned from Plaintiffs' sixty-six page, and over 510-paragraph, Civil Rights Complaint (doc. 1).   Judge Mark Kouris presided over Plaintiffs' divorce proceedings.  Judge Kouris made rulings that Plaintiffs did not like.  Plaintiffs sought to have Judge Kouris disqualified.  But, according to Plaintiffs, neither Judge Kouris,[2] nor Justice Constandinos Himonas, who was also district court judge at the time, agreed that Judge Kouris should be disqualified, and Plaintiffs' motions for disqualification were denied.

Plaintiffs also filed a complaint with the Utah Judicial Conduct Commission, over which Defendant Colin Winchester is the Executive Director.   Someone at the Commission told Plaintiffs about each other's complaints about Judge Kouris.   And one of the complaints, apparently sent to the Court rather than the Commission, was placed on the docket, construed as a motion to disqualify, and ruled on.

Plaintiffs did not receive the relief they requested from Judge Kouris and Justice Himonas.   Plaintiff Babbitt has an appeal pending with the Utah Court of Appeals, Plaintiff Willson's appeal was dismissed for lack of finality.  Plaintiffs apparently did not—and cannot— receive the relief they want from the Judicial Commission.  So Plaintiffs' course of action is to file suit in federal court for millions of dollars in damages, injunctive relief (including the extraordinary request to expel Judge Kouris from the bench), and declaratory relief.  But the law

---

[2] Judge Kouris denies, among many other facts alleged by Plaintiffs, that he ruled on any disqualification motions.  Rather, he passed them on to the associate presiding judge, then-Judge Himonas, for ruling as required by rule and practice.  *See* Utah R. Civ. P. 63(b)(2).  However, Defendants treat this allegation as true for the purposes of this motion, because even if believed, Defendants are entitled to dismissal.

does not permit unhappy litigants to sue judges for monetary damages.  Nor does it allow a federal court to insert itself into an ongoing state proceeding.  Nor does it allow a plaintiff to recover for discussions of judicial complaints or alleged violations of the Rules of Judicial Conduct.

While Defendants deny nearly all the allegations stated in the Complaint, even treating the allegations as true, it is clear that the Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

The following facts taken from Plaintiffs' Complaint, or facts that may be judicially noticed, are treated as true for the purposes of this motion only:

1.      Plaintiffs Anthony Babbitt and J. Phillip Willson are citizens of Utah.  They are both respondents in divorce cases in Utah district court.  (Pls.' Compl. ¶¶ 14.1, 14.2, 15.1; *see also Brown v. Babbitt,* Case No. 104400226 (Utah Dist. Ct. filed January 25, 2010), a copy of the docket for which is attached as Exhibit A; *Willson v. Willson*, Case No. 124401456 (Utah Dist. Ct. filed May 29, 2012), a copy of the docket for which is attached as Exhibit B).  The Honorable Mark Kouris, a judge of the Third District Court of the State of Utah, presided over the cases for a period of time.  (Pls.' Compl. ¶¶ 15.1, 18.)

2.      As a judge of the district court, Judge Kouris has "original jurisdiction in all matters" except as limited by the constitution or statute.  Utah Const. art. VIII, § 5.  This includes jurisdiction over divorce petitions.  (*E.g.*, Pls.' Compl. ¶ 1.)

3.      In the course of the Plaintiffs' cases, Judge Kouris issued rulings that Plaintiffs disagreed with.[3]  (*See, e.g.*, Pls.' Compl. ¶¶ 51, 66, 72–74, 84, 89, 95, 100–102, 110–11, 121, 132, 157, 159, 167, 170, 176, 188–89, 191.)  Both Plaintiffs allege, among other things, that Judge Kouris entered orders maliciously, (*id.* ¶¶ 2, 112, 175, 197) or based on *ex parte* communications (*id.* ¶¶, 135–36).

4.      Due to Plaintiff Babbitt's belief that Judge Kouris had "constant[ly] and repeated[ly] refus[ed] to obey and enforce state law," Babbitt filed a Motion to Disqualify Judge Kouris.  (Pls.' Compl. ¶ 104; *see also* Brown v. Babbitt Docket, at 9.)  According to Plaintiffs, the motion to disqualify was denied.

5.      Defendant Constandinos Himonas, then an associate presiding judge in the Third District Court, and now a Justice of the Supreme Court of the State of Utah, denied the motion. (Pls.' Compl. ¶¶ 105–06; Brown v. Babbitt Docket, at 10.).  As a reviewing judge in the Third District, then-Judge Himonas had authority to rule on the motions to disqualify Judge Kouris. Utah R. Civ. P. 65(b)(3).

6.      Babbitt moved again to disqualify Judge Kouris in February 2014.  Judge Himonas again denied the motion.  (Pls.' Compl. ¶¶ 114, 117.)

7.      Willison also moved to disqualify Judge Kouris from his divorce proceeding. According to Plaintiffs, the motion was reviewed by Judge Kouris, and was denied by then-

---

[3] Paragraphs 19 through 24, and 26 through 41 of the Plaintiffs' Complaint contain allegations related to Judges Kouris and Himonas's background, Facebook friends, rulings in other cases, and bald, unsupported allegations of favoritism and impropriety.  The facts have no relevance whatsoever to Plaintiffs' claims and should be struck.  *See* Fed. R. Civ. P. 12(f) (permitting a court to order "stricken from any pleading any … redundant, impertinent, or scandalous matter."); *see* Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (recognizing the court's inherent power to strike impertinent matter from pleadings).

Judge Himonas.  (Pls.' Compl. ¶¶ 182–83; Willson v. Willson Docket, at 7.)  Plaintiffs allege that Justice Himonas should not have ruled on the motions to disqualify because he and Judge Kouris attend the same church and are personal friends.  (Pls.' Compl. ¶ 179, 185).

8.   In December 2013, Babbitt filed a complaint regarding Judge Kouris with the Utah Judicial Conduct Commission.  (Pls.' Compl. ¶ 108.); *see also* Utah Const. art. 8 § 13 (establishing a Judicial Conduct Commission "which shall investigate and conduct confidential hearings regarding complaints against any justice or judge…").  Defendant Colin Winchester is the Executive Director of the Commission.  (Pls.' Compl. Parties ¶ 15.3.)

9.   Babbitt learned from an unnamed staff member of the Commission that other complaints had been filed against Judge Kouris.  (Pls.' Compl. ¶ 108.)  In a subsequent communication, Defendant Colin Winchester asked Babbitt for the source of his information about other complaints, but Babbitt refused to answer.  (Pls.' Compl. ¶ 109.)

10.   Willson also alleges that he filed a confidential complaint with the Utah Judicial Conduct Commission regarding Judge Kouris's rulings related to child support and alimony. (Pls.' Compl. ¶ 177.)   This complaint, however, was "sent to Judge Kouris himself," and eventually filed on the docket of the *Willson v. Willson* case.  (Pls.' Compl. ¶ 179; Willson v. Willson docket, at 6.)  The complaint was construed as a motion to disqualify Judge Kouris, and was denied. (Willson v. Willson docket, at 6; *see also* Pls.' Compl. ¶ 179.)

11.   Babbitt filed a Notice of Appeal in his case.  (Brown v. Babbitt Docket, at 9; Pls.' Compl. ¶ 515.)  That appeal has been briefed and is pending with the Utah Court of Appeals. (*See* Court of Appeals Docket, *Brown v. Babbitt*, Case No. 104400266, attached hereto as <u>Exhibit C</u>.)

12.     Two Notices of Appeal were filed in Willson's case (Willson v. Willson Docket at 4–6.).  The appeals were consolidated, and the Court of Appeals issued an order of summary dismissal on December 3, 2013.  (*See* Ord. of Consolidation, *Willson v. Willson* Nos. 20130793-CA, 20130912-CA (Utah Ct. App. Oct. 18, 2013), a copy of which is attached hereto as <u>Exhibit D</u>; Ord. of Summ. Dismissal, *Willson v. Willson*, No. 20130793-CA (Utah Ct. App. Dec. 3, 2013), a copy of which is attached hereto as <u>Exhibit E</u>.)  The Court of Appeals dismissed the appeal for lack of a final order.  (Ord. of Summ. Dismissal, at 2.)

13.     Judge Kouris is no longer assigned to the *Babbitt v. Brown* case. (Babbitt v. Brown Docket at 1.)

14.     Judge Kouris is no longer assigned to the *Willson v. Willson* case. (Willson v. Willson Docket at 1, 25.)

15.     Plaintiffs seek the following relief:

    a.  Monetary damages

    b.  Injunctive relief, in particular, that

        i.  Judge Kouris be removed from office,

        ii.  Judge Kouris be prohibited from communicating with other judges assigned to the Babbitt and Willson cases,

        iii.  Retrial of "all issues previously heard by Judge Kouris"; and

        iv.  Dismissal of all members of the Judicial Conduct Commission and their staff ; as well as

    c.   A declaration that "Defendants' actions violated Plaintiffs['] rights under the United States and Utah Constitutions, violated the Utah Judicial Code of Conduct & violated Utah state laws."

(Pls.' Compl. ¶ 517.)

## LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction." When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, as it is in this case, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6). *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed.  *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).  In the context of a motion to dismiss, this Court may take judicial notice of a state court docket and filings.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Stack v. McCotter*, No. 02-4157, 79 F. App'x 383, 391 (10th Cir. Oct. 24, 2003) (ord. & j. not selected for publication)[4] (recognizing that the court can take judicial notice of a state district court docket sheet); *Ginter v. Johnson*, No. 2:13–cv-225-DN-ENF, 2014 WL 1271755, at * 2 (D. Utah March 27, 2014) (not selected for publication), *rep. & rec. adopted by id.* at *1 (taking judicial notice of the Salt Lake City Justice Court Docket as "an official Utah court record[, which] contain facts that the Court can accurately and readily determine from a source whose accuracy no one can reasonably question").

## ARGUMENT

Plaintiffs' obese 52-count complaint may be slimmed down to six, core claims.  The claims, as alleged by Plaintiff, and taken as true for the purposes of this motion only, are:  (1)

---

[4] Paper copies of all cases not officially reported will be provided to the *pro se* Plaintiffs.

Judge Kouris made allegedly erroneous rulings in Plaintiffs' family law cases; (2) Judge Kouris allegedly engaged in ex parte contact with Plaintiffs' ex-spouses; (3) Judge Kouris and Justice Himonas allegedly wrongfully decided not to recuse, or disqualify, Judge Kouris from Plaintiffs' family law cases, and handled the motions to disqualify improperly; (4) Judge Kouris allegedly manipulated the assignment system to keep himself on Plaintiffs' cases, (5) Judge Kouris, Justice Himonas, JCC Executive Director Colin Winchester, and the remaining commission members allegedly wrongfully discussed Plaintiffs' "confidential" complaints with others; and (6) Justice Himonas, and the remaining members of the JCC, "failed to protect" Plaintiffs from the allegedly wrongful acts of Judge Kouris.[5]

Plaintiffs allege that these complaints can be remedied by a host of provisions in the United States Constitution, the Utah Constitution, Utah state law, and even the Utah Code of Judicial Conduct.  (*E.g.*, Pls.' Compl. ¶ 8.)  The best method to analyze plaintiffs' claims, though, is to examine the remedies they seek.

To remedy these claims, Plaintiffs seek monetary, injunctive, and declaratory relief.  But all the claims—and all forms of relief—are subject to dismissal.

The claims for damages are related to decisions Judge Kouris, Justice Himonas, and the JCC made in their judicial capacities and are barred by judicial immunity, and Defendants are entitled to dismissal of all damages claims.  Whatever claims remain are also subject to dismissal for failure to state a claim.

---

[5] Because of the repetitive nature of the causes of action alleged by Plaintiffs, Defendants will not address each claim separately.  A chart created by Counsel for Defendants analyzing and categorizing each claim for relief in Plaintiffs' Complaint is attached for the Court's convenience as <u>Exhibit F</u>.

Federal law also prohibits the entry of an injunction in these circumstances. Further, Plaintiffs complain about decisions made in active state cases. In one of the cases, an appeal is currently pending; in the other, consideration of an appeal was denied because of lack of finality. Because no declaratory judgment has been violated, federal statutory law prohibits the entry of an injunction against the state judicial officers. And because Plaintiffs' same arguments may be made in the Utah court system, the *Younger* abstention doctrine compels the Court to dismiss this case. Plaintiffs' claims for injunctive relief are also subject to dismissal.

Finally, the remaining request for declaratory relief should also be dismissed, either because the Court must abstain, because such relief is barred by the Eleventh Amendment, or because the relief is related to past conduct.

## I.      Plaintiffs' Claims for Damages Must Be Dismissed.

Plaintiffs seek over $10 million in compensatory and punitive damages against the Defendants for their decisions made in adjudicating Plaintiffs' family law cases, in deciding whether Judge Kouris should be disqualified from the cases, and in handling Plaintiffs' complaints against Judge Kouris made with the Utah Judicial Conduct Commission. Even if Plaintiffs' claims were true (though they are not), Plaintiffs are not entitled to recover because their claims are barred by judicial immunity. Any claim that is not fails to state a claim.

### A.  *Judicial Immunity Bars Plaintiffs' Claims Against the Judges.*

It is well-settled that judges are shielded with absolute immunity from suits for money damages based on their judicial action, including suits pursuant to 42 U.S.C. § 1983, and for suits based on state law. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1189–90

11

(10th Cir. 2008) (citing *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)); *Bailey v. Utah State Bar*, 846 P.2d 1278 1280 (Utah 1993) (recognizing judicial immunity barring state law causes of action).

The doctrine of judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871). The rationale for this defense is to incorporate traditional common law immunities and to allow functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory civil litigation. *Id.*

There are two exceptions to absolute judicial immunity: (1) when the judge's actions are taken outside his role as a judge, i.e., entirely non-judicial conduct, or (2) when the judge's actions are taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–13; *see also Stein*, 520 F.3d at 1195 (an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the complete absence of all jurisdiction.). As can be seen below, all claims made against Judge Kouris, Justice Himonas, and the members of the JCC were regarding their judicial acts, and neither exception to immunity applies.

### 1. Judicial Immunity Bars All Claims Against Judge Kouris.

All of the claims for monetary damages against Judge Kouris are barred by judicial immunity. Plaintiffs complain about the decisions Jude Kouris made and the consequences resulting from them. These are absolutely judicial conduct, and they were taken in the course of Judge Kouris's actions as a family court judge, in a case over which he had jurisdiction.

Plaintiffs claim that their ex-spouses got "special treatment," or that Judge Kouris violated state law in his decisions, or that there was some sort of malicious intent towards Plaintiffs. Judge Kouris denies these baseless allegations. But even taking the facts as true, judicial immunity still shields Judge Kouris.

"Judicial immunity is not overcome by allegations of bad faith or malice." *Guttman v. Khalsa*, 446 F.3d 1027, 1033–34 (10th Cir. 2006) (citing *Mireles*, 502 U.S. at 11). It is also not overcome by any of the following:

- Allegations of corruption. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

- Allegations that the judge failed to follow prescribed procedures. *Witesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("[A] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors….") (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

- Allegations of favoritism based on ethnicity. *Williams v. Moyer*, No. 00-4526, 9 F. App'x 324, 326 (6th Cir. May 8, 2001) (ord. not selected for publication) (dismissing claims that judges presiding over plaintiff's divorce case discriminated against him on account of his race, in part on judicial immunity grounds).

- Allegations that the judge made decisions based on *ex parte* contact with the other side. *Crudup v. Schulte*, No. 00-6396, 12 F. App'x 682, 686 n.3 (10th Cir. April 10, 2001) (ord. & j. not selected for publication) (recognizing that a judge's alleged ex parte conference with a prosecutor would not strip the judge of

13

immunity); *Shuster v. Oppelman*, 962 F. Supp. 394, 397 (S.D.N.Y. 1997) (citing *Forrester v. White*, 484 U.S. 219, 227 (1967)).

- Allegations of conspiracy. *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) ("[J]udges enjoy absolute immunity from liability under § 1983—even when the judge allegedly conspires with private parties.") (citing *Dennis v. Sparks*, 449 U.S. 24, 28–32)).

Plaintiffs claim that Judge Kouris made errors in his decisions in the divorce and child custody proceedings.  The allegations range from erroneous decisions regarding child custody, child support and alimony calculations, decisions not to hold Plaintiffs' ex-spouses in contempt, and decisions to order Plaintiffs to take actions they should, or even could not, complete.  (*See, e.g.*, Pls.' Compl. ¶¶ 51, 66, 72–74, 84, 89, 95, 100–102, 110–11, 121, 132, 157, 159, 167, 170, 176, 188–89, 191.))  These rulings are judicial acts, in a case over which he had jurisdiction as a Utah district judge.  Plaintiffs' unfounded claims of bias, improper procedure, or even violation of state law cannot overcome his immunity.  These claims should be dismissed.

Plaintiffs also claim that Judge Kouris arrived at improper decisions based on alleged ex parte contact.  (*E.g.*, *id.* ¶¶ 136, 345.)  Even if the ex parte occurred (which it did not), Judge Kouris is still shielded with immunity.  *Crudup*, 12 F. App'x at 686 n.3 (10th Cir. April 10, 2001); *Stump*, 435 U.S. at 363 n.12; *accord Parent v. New York*, 786 F. Supp. 2d 516, 532 (N.D.N.Y. 2011) ("All of the orders issued by [the judge] were clearly judicial in nature and within his jurisdiction as the Supreme Court judge assigned to Koziol's divorce proceeding. … Nor do ex parte conversations or actions taken in excess of authority by [the judge] strip him of judicial immunity.").

Similarly, Plaintiffs attempt to state claims against Judge Kouris for his alleged failure to refer recusal motions, or for his continued assignment to their cases.  The decision to recuse or not, or to the orderly assignment of cases to judges, are judicial functions which are also protected by judicial immunity.  "Whatever the merits of [an] underlying recusal issue, Plaintiffs may not challenge it through a federal § 1983 action against [a] state court judge."  *Strand v. Dawson*, No. 12-4012, 468 F. App'x 910, 911 (10th Cir. 2013) (ord. & j. not selected for publication); *see also Martinez v. Winner*, 771 F.2d 424, 434–35 (10th Cir. 1985) (holding that a judge who assigned himself a criminal trial, allegedly in violation of the local assignment rules, and "for the purpose of insuring a conviction," was immune from suit because "[t]he assignment of a case to himself was a judicial act for which [the judge] is entitled to judicial immunity").

All the claims not directly related to Judge Kouris's decisions in court are targeted at Judge Kouris's decisions not to recuse, or his alleged manipulation of the assignment system to keep Plaintiffs' cases.  But because these are judicial acts, involving a case over which Judge Kouris had jurisdiction, he is entitled to immunity on these claims as well.  *Martinez*, 771 F.2d at 435.

### 2. Judicial Immunity Bars All Claims Against Justice Himonas & The Members of the Utah Judicial Conduct Commission.

For the same reasons that judicial immunity protects Judge Kouris, the claims against Justice Himonas must be dismissed.  Many of the claims against Justice Himonas are related to his decisions not to disqualify Judge Kouris from Plaintiffs' cases.  As discussed above, decisions regarding case assignments and recusals are judicial acts protected by judicial immunity.  *Martinez*, 771 F.2d at 435.  Justice Himonas is immune from suit.

Count 52 of Plaintiffs' Complaint alleges that Justice Himonas, along with the members of the Judicial Conduct Commission, "failed to protect" Plaintiffs' civil rights.  Notwithstanding the fact that the Judicial Conduct Commission does not have the power to order recusals, *cf.* Utah Code § 78A-11-105(1) (permitting the Commission to reprimand, censure, suspend, remove from office, or involuntarily retire a sitting judge); *id.* 78A-11-111(1) (requiring the Supreme Court of Utah to implement any order of the Commission), quasi-judicial immunity protects these sorts of decisions as well.

Quasi-judicial immunity is another form of absolute judicial immunity, which is "extended to non-judicial officers where their duties had an integral relationship with the judicial process."  *Witesel*, 222 F.3d at 867 (citations and quotations omitted).  Boards of judicial conduct are entitled to this immunity when deciding whether to act on a complaint of judicial misconduct because those acts "are the kind of discretionary acts normally performed by the judge." *Kwasnik v. LeBlon*, No. 05-5210, 228 F. App'x 238, 243–44 (3d Cir. May 22, 2007) (op. not selected for publication).  Therefore, this claim should be dismissed.

### B.  Any Remaining Claims for Damages Fail to State a Claim.

Any remaining claims for damages fail to state a claim.  For example, in Count 34, Plaintiffs sue Defendant Winchester, the executive director for the Judicial Conduct Commission, and the members of the Commission, for discussing the complaints against Judge Kouris with Plaintiffs.  And in Count 42 and 43, Plaintiffs attempt to sue Justice Himonas for passing a JCC complaint to Judge Kouris and filing it on the docket.  To the extent these claims are not barred by judicial immunity, *see Section I.A.2, supra*, and barred by the *Younger* abstention doctrine*, see Section II.B. infra*, the claims should be dismissed because they fail to

state a claim.  Plaintiffs do not state how these actions caused harm, nor do they articulate any theory of liability based on these actions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009).[6]

Finally, Plaintiffs cite to the Code of Judicial Conduct as a basis for relief.  (*E.g.*, Pls.' Compl. ¶ 508.)  To the extent there are any claims not barred by immunity, Plaintiffs cannot sue for violations of the Code of Judicial Conduct, because Utah Code of Judicial Conduct specifically does not provide for a private right of action.  *See* Utah Code of Judicial Conduct, Scope.  ("The code is not designed or intended as a basis for civil or criminal liability, [nor] is it intended to be the basis for litigants to seek collateral remedies against each other or obtain tactical advantages in proceedings before a court.").  (A copy of the Code is attached hereto as Exhibit G.)

Accordingly, any claims not barred by judicial immunity should be dismissed for failure to state a claim.

## II.   Plaintiffs' Claims for Injunctive Relief Should Be Dismissed.

### A.   *§ 1983 Bars Demands for Injunctive Relief.*

Section 1983, upon which Plaintiffs base their federal claims, specifically prohibits any equitable relief.  The Federal Courts Improvement Act amended § 1983 to bar suits for injunctive relief against judges for actions taken in their judicial capacity unless a declaratory decree was violated.  42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c), 110 Stat.

---

[6] While complaints to the JCC should be kept confidential, such a command is not absolute.  *See* Utah Code § 78A-11-112(3) (setting circumstances for the disclosure of materials, including complaints, received or created by the JCC).  For example, the Commission may release complaints "upon the request of the judge who is the subject of the complaint." *Id.* § 78A-11-112(3)(b).  Plaintiffs cannot state a claim, for damages or otherwise, for disclosure of a judicial complaint, when Utah law permits the Commission to disclose the complaint without the plaintiffs' consent anyway.

3853) (providing a civil action for redress of federal civil rights "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").  No declaratory decree was violated, and there is no proof that declaratory relief is "unavailable."  *See Hoai v. Sup. Ct. of D.C.*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) (noting that declaratory relief is not "unavailable" merely because the plaintiff failed to get his "desired decisions in our local courts").  Therefore, any claims for injunctive relief pursuant to federal law are barred.

### B. **Younger** *Abstention Bars the Court from Exercising Subject Matter Jurisdiction Over Any Claims for Injunctive Relief.*

To the extent that Plaintiffs claims arise from something other than federal law, the Court should still dismiss Plaintiffs' requests for injunctive relief under the *Younger* abstention doctrine.

Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action.  *Younger v. Harris,* 401 U.S. 37 (1971).  The Supreme Court in *Younger* held that a federal court should not enjoin an ongoing state criminal court proceeding, and the doctrine has been expanded to include administrative and civil actions.  *Amanatullah v. Colorado Bd. of Med. Examiners,* 187 F.3d 1160, 1163 (10th Cir. 1999)*; Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir. 1997) *cert. denied,* 523 U.S. 1005 (1998).

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could

adequately be sought before the state court." *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir. 1999). The three elements required for abstention are:

> (1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah,* 187 F.3d at 1163 (quoting *Taylor v. Jaquez,* 126 F.3d at 1297)). *Younger* abstention is non-discretionary; it must be invoked when the three conditions are satisfied, absent extraordinary circumstances.

All of the *Younger* abstention factors are present here. First, the state court proceedings are on-going. As shown by Plaintiffs' pleadings and the dockets in their cases, Plaintiffs' divorce proceedings are alive, subject to modification, and appeal. (*E.g.,* Exs. A, B, C, D, E; Pls.' Compl. ¶¶ 102, 133, 148, 515.) Action has occurred in the cases since Plaintiffs filed this Complaint in March. The first *Younger* factor is satisfied.

Second, the state proceedings provide an adequate forum to hear the claims. The case histories demonstrate contentious divorce proceedings, with litigation and relitigation over child custody, child support, and alimony. Plaintiff Babbitt's pending appeals with the Utah Court of Appeals are related to Judge Kouris's decisions. A "necessary concomitant of *Younger* is that a party … must exhaust its appellate remedies before seeking relief in the [U.S.] District Court." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608 (1975). Mr. Babbitt has an appellate case ongoing. Appeals in Willson's case were dismissed for lack of a final order. (*E.g.,* Exs. A, B, C, D, E;

Pls.' Compl. ¶¶ 102, 133, 148, 515.)  This further demonstrates the need for the federal court to abstain.

Plaintiffs have asserted the same arguments related to Judge Kouris's decisions, his recusal, and his alleged violations of law to Judge Kouris, to then-Judge Himonas, and to the Judicial Conduct Commission.  "The fact that [Plaintiffs have] not obtained the relief [they] seek[] in state court does not mean that [they have] not had an adequate opportunity to present [their claims]."  *Dodson v. Colo.*, No. 12-cv-01064-BNB, 2012 WL 1865631, at * 2 (D. Colo. May 22, 2012) (ord. of dismissal not selected for publication).  The second factor is satisfied.

Finally, there are important state interests involved in the state trial court proceedings, which involve family law.  *See, e.g.*, *United States v. Winsor*, ___ U.S. ___, 133 S. Ct. 2675, 2691 (2013) ("[R]egulation of domestic relations in an area that has long been regarded as a virtually exclusive province of the States." (quoting *Sosna v. Iowa*, 419 U.S. 393, 404 (1975) (quotation marks omitted))).  The state has a strong interest in regulating marriage, divorce, child custody, and related disputes.  Utah state interests are compelling, and thus the third *Younger* factor is satisfied.

Insofar as Plaintiffs ask this Federal Court to inject itself in the ongoing Utah state court family law actions, *Younger* bars Plaintiffs' lawsuit.  Plaintiffs, like any other litigant, must raise their claims in state court and appeal any decisions they believe are incorrect to the Utah Court of Appeals or Supreme Court.  Their remedy is not to ask this Court to step in and mediate their ongoing state court case.

**III.     Plaintiffs' Request for Declaratory Relief Should Be Dismissed.**

Plaintiffs also seek a declaration that "Defendants' actions violated the Plaintiffs['] rights under the United States & Utah Constitutions, violated the Utah Judicial Code of Conduct & Violated state laws."  Any requests for declaratory relief must also be dismissed.

First, Plaintiffs' request for declaratory relief must be dismissed on the basis of *Younger* abstention, for the reasons discussed above.  *Weitzel v. Div. of Occupational & Prof. Licensing*, 240 F.3d 871, 875 (10th Cir. 2001); *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996) (recognizing that the Court has "required federal courts to decline to exercise jurisdiction over certain classes of declaratory judgments" (citing *Great Lakes Dredge & Dock Co. v. Huffma*n, 319 U.S. 293, 297; *Samuels v. Mackell*, 401 U.S. 66, 69–70 (1971)).

Second, any declaratory judgment regarding the legality or constitutionality of actions occurring in the past is prohibited by the Eleventh Amendment.  *Raiser v. Kono*, No. 06-4243, 245 F. App'x 732, 735–36 (10th Cir. July 5, 2007) (ord. & j. not selected for publication) (citing *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995)).

Third, considering that claims for all damages and injunctive relief must be dismissed, any remaining requested declaratory judgement would simply require the Court "to answer a hypothetical question or … [provide the plaintiffs] the 'emotional satisfaction' of a ruling that defendants wronged" them."  *Hawver v. Nuss*, No. 5:14-cv-04084-DGK, 2015 WL 1470397, at * 3 (D. Kan. March 31, 2015) (citing *Ashcroft v. Matrtis*, 431 U.S. 171, 172 (1977)).  Plaintiffs' add-on request for declaratory relief cannot withstand dismissal, and Defendants' motion should be granted it as well.

**CONCLUSION**

In cases such as Plaintiffs' where their financial futures and relationships with their children are at issue, there is no doubt that Plaintiffs "feel[] most keenly the decision against [them], and most readily accepts anything but the soundness of the decision in explanation of the action of the judge." *Bradley*, 80 U.S. (13 Wall) at 348.  But the Plaintiffs' losses, and their perhaps sincere, but certainly misguided, beliefs that the Defendants are biased or violated the law, do not create a cause of action against them.  For the reasons stated above, Defendants respectfully request that the Court grant their motion and dismiss Plaintiffs' Complaint with prejudice.

DATED:  May 5, 2015.


SEAN D. REYES
Utah Attorney General


/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorney for Defendants

## CERTIFICATE OF MAILING

I certify that on May 5, 2015, I electronically filed the foregoing, **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**, using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing was sent by United States mail, postage prepaid on May 6, 2015, to the following:

Anthony Babbitt
1124 E. Sleepy Hollow Lane
Sandy, UT 84094

J. Phillip Willson
1231 Brandy Lane
Tooele, UT 84074

/s/ Cecilia Lesmes