Anthony Babbitt, Pro Se

1124 E Sleepy Hollow Lane, Sandy, UT 84094

(801) 638-2313


J Phillip Willson, Pro Se

1231 Brandy Lane, Tooele UT 84074

(801) 808-3912

FILED
U.S. DISTRICT COURT

2015 MAY 11  A 11: 46

DISTRICT OF UTAH

BY:
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| Anthony B. Babbitt & J. Phillip Willson, <br> **Plaintiffs** <br> vs <br><br> Hon. Mark Kouris, 3rd District Court, State of Utah; & <br><br> Hon. Constantinos Himonas, Supreme Court, State of Utah; & <br><br> Colin Winchester, Executive Director, Utah Judicial Conduct Commission; & members of the Utah Judicial Conduct Commission; & <br><br> John and Jane Does 1-25, whose true names are presently unknown, <br> **Defendants** | CIVIL NO. 2:15cv00208 <br><br> Honorable Brooke C. Wells <br><br> **ORAL ARGUMENTS REQUESTED** |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Plaintiffs, Anthony Babbitt and Phillip Willson, hereby serve their Response in Opposition to the Defendants Motion to Dismiss For Failure to State A Claim. For the following reasons, the Motion must be denied and the Defendants ordered to answer Plaintiffs' Complaint (hereinafter, the "Complaint") within 10 days.

Defendants motion misstates facts, clearly contorts the law in a fashion designed to serve Defendants' purpose instead of the law's intended purpose i.e. to protect the Plaintiffs, and argues in such self-serving circles about the purported deficiencies of Plaintiffs complaint that Defendants blatant misconduct, designed to strip Plaintiffs' of their liberty, their financial security and their ability to parent, almost gets lost. Defendants have essentially terrorized Plaintiffs to the point where they are now involved in law suits with the State of Utah as Pro Se Plaintiffs. The abuses committed by Defendants is so unconscionable that the Presiding Judge Royal Hansen transferred both Plaintiffs cases out of the Utah 3rd District Court, in an effort to protect the Plaintiffs from further malicious acts and retribution by Defendants. Defendants cite no law which allows them to violate the Plaintiffs civil rights merely because they adorn themselves with judicial robes while doing so, therefore judicial immunity does not apply. It's unconscionable for them to suggest their behavior is the 'norm' for judges, let alone within the scope of their responsibilities.

## I. Standard of Review for a Motion to Dismiss & Jurisdiction

A claim must be dismissed, pursuant to Rule 12(b)(1), "when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). The party seeking to invoke the court's subject matter jurisdiction has the burden of establishing that such jurisdiction exists. Hartford Ins. Group v. LouCon Inc., 293 F.3d 908, 910 (5th Cir. 2002). Rule 12(b)(6) motions are disfavored in the law, and a court will rarely encounter circumstances that justify granting them. Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). A court may dismiss a claim only when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). A motion to dismiss should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief. Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986). The claimant is not required to set out in detail the facts upon which the claim is based. Rather, the Rules require that the claim simply give the defendant "fair notice." Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination, 507 U.S. 163, 168 (1993). Further, a court may not look beyond the pleadings. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). The court must

accept as true the allegations in the complaint, and must view the allegations in the light most favorable to the plaintiff. Id. The allegations in the claim need only give the defendants fair notice of the nature of the claim and the grounds on which it rests. See Mahone, 836 F.2d at 926. The Rules also dictate that the pleadings be liberally construed "as to do substantial justice." Id

Further, the Defendants proceed to litigate those extraneous facts, reaching the self-serving conclusion that the Defendants have committed no wrongful or illegal act – a conclusion based on facts neither alleged by Plaintiffs nor inferable from their Complaint. The Defendants essentially attempt in their Motion to Dismiss to render a trial on the issues raised by Plaintiffs obsolete, by prematurely offering their own conclusions of law regarding Plaintiffs' allegations.

In addition to the impropriety of attempting to truncate the litigation process under settled provisions of civil procedure, the Defendants' Motion to Dismiss is replete with re-characterizations of pleaded facts which are in conflict with the actual averments made by Plaintiffs in their Complaint. It is clear from the pleading that the attorney for Defendants either did not read, or more likely, did not understand the complaint and applicable law. The complaint alleges conspiracy by the judicial branch of the State of Utah, which is entirely missed by the Motion to Dismiss.

To the extent the Defendants intend for this Court to consider any facts outside Plaintiffs' Complaint or to credit Defendants' concocted legal conclusions premised on these extraneous facts, their Motion to Dismiss must be denied as unfounded, or, the Motion must be converted into a motion for summary judgment, providing Plaintiffs an opportunity to supplement their Complaint with additional evidence.

Congress provided 42 U.S.C. § 1983 as a method for seeking relief against a state official for a federal constitutional violation. Hearth, Inc. v. Department of Public Welfare, 617 F.2d 381, 382-383 (5th Cir. 1980). Plaintiffs properly brought their constitutional claims pursuant to § 1983.

## II. Plaintiffs claims are barred by judicial or quasi-judicial immunity

Defendants claims that their obvious illegal acts fall within the scope of Defendants powers shocks the conscience. Defendants allege that judicial or quasi-judicial immunity bars Plaintiffs from seeking relief from damages caused by Defendants, as they were acting within the scope of their employment when they committed illegal and malicious acts against Plaintiffs. In fact, the Federal Courts have determined that judges can be held responsible for attorney's fees and damages resulting from their illegal acts, and they are not protected by judicial immunity. Pulliam v. Allen, 466 U.S. 522 (1984)

Defendants are incorrect in their assertion and under Federal law, government officials are entitled to qualified immunity from actions for damages as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. Plaintiffs are alleging that due to overt misconduct and outright retribution, the Defendants, both individually and collectively, have deprived Plaintiffs of the fundamental rights to life, liberty and the pursuit of happiness. Under Defendants' theory, the individual Defendants may receive immunity from Plaintiffs seeking to recover from same if they reasonably believed overt acts of misconduct were part of the job description. At the very least a question of fact remains as to whether the individual Defendants could reasonably have thought their gross misconduct was in furtherance of their duties, as opposed to their individual beliefs and personal desires to exact retribution against Plaintiffs. Accordingly, Plaintiffs request the Court deny the instant Motion or in the alternative, grant Plaintiffs leave to file an amended pleading.

### III. Plaintiffs claims are barred by the Younger abstention doctrine

Again, attorney for Defendants either has not read, or more likely, does not understand abstention doctrine. This doctrine can be confusing, as there obviously DOES exist an overlap between courts. However, the mere fact that another court is involved in gross civil rights violations does not preclude any other court from jurisdiction.

*Younger* abstention, named for *Younger v. Harris*, 401 U.S. 37 (1971), is less permissive to the federal courts, barring them from hearing civil rights tort claims brought by a person who is currently being prosecuted for a matter arising from that claim in state court. For example, if an individual who was charged with drug possession under a state law believes that the search was illegal, and in violation of their Fourth Amendment rights, that person may have a cause of action to sue the state for illegally searching him. However, a federal court will not hear the case until the person is convicted of the crime. The doctrine has been extended to state civil proceedings in aid of and closely related to state criminal statutes,[2] administrative proceedings initiated by a State agency,[3] or situations where the State has jailed a person for contempt of court.[4] The doctrine applies even where the state does not bring an action until after the person has filed a lawsuit in federal court, provided that the federal court has not yet undergone proceedings of substance on the merits of the federal suit.[5]

There are three exceptions to *Younger* abstention:

1. Where the prosecution is in bad faith (i.e. the state knows the person to be innocent); or
2. Where the prosecution is part of some pattern of harassment against an individual; or
3. Where the law being enforced is utterly and irredeemably unconstitutional (e.g., if the state were to

pass a law making it a crime to say anything negative about its governor under any circumstances).

It is clear that Younger abstention doctrine does not apply to the matter before this Court.

**IV. Plaintiffs claim for injunctive relief are barred by the Federal Courts Improvement Act**

Once again, it appears attorney for Defendants does not understand either the complaint or the law it is based upon, but more likely is trying to 're-write' the law to serve the Defendants. While the Federal Courts Improvement Act provides for judicial immunity WITHIN THE SCOPE OF ONES JUDICIAL DUTIES, it does not allow for judicial immunity when acting outside the scope of those duties nor conspiracy among judicial officers to circumvent the law and seek retribution against third parties. Pulliam v. Allen, 466 U.S. 522 (1984)

Because Plaintiffs specifically allege several severe and repeated acts of judicial misconduct, denial of due process, abuse of judicial authority outside the scope of the law (and therefore the duties of a judicial officer), violations of the United States Constitution, United States Statutes, Utah Constitution, Utah Statutes, and even the Utah Code of Judicial Conduct, the immunity claimed by Defendant because their actions fell within the scope of their duties for the judicial branch is outright implausible and a despicable claim to make. Defendants are either grossly misinformed as to the scope of their duties or, more likely, would like the Federal courts to condone their knowing and willful misconduct. It is clear the Federal Courts Improvement Act does not apply to the matter before this Court.

**V. Plaintiffs fail to state a claim against Judge Constantinos Himonas, Colin Winchester, and the members of the Utah Judicial Conduct Commission**

Defendants Motion to Dismiss repeatedly misstates the original complaint and continues to beg the question of whether attorney for the Defendants actually read the complaint. Specifically, the above-named parties acted in conspiracy with Judge Kouris, each other and others, and in violation of Plaintiffs Constitutional rights & Federal Statute, as well as both Federal and Utah state law. In fact, the motion itself includes as exhibits two newly doctored copies of the Plaintiffs Utah case dockets, which further seek to hide the conspiracy and misconduct by changing prior entries and altering the record. Defendants have provided more evidence in support of Plaintiffs complaint, in filing their Motion to Dismiss. Plaintiffs do not object to these exhibits being entered, due to the fact they further prove the allegations contained in the Plaintiffs Complaint. However, Plaintiffs preserve their right to object to the accuracy of those exhibits, and in fact, have several copies of the docket printed over the past

several years which show continued alterations of the Court Record by the Defendants for no other reason than to cover up their knowing misdeeds. The fact they would include two more altered copies as part of their Motion to Dismiss is beyond the pale, and asks this Court to become complicit in their illegal activities.

Unfortunately, Defendants Motion to Dismiss is filled with falsehoods, such as the assertion that Judge Kouris DID NOT rule on 5 motions to recuse filed by the Plaintiffs. In fact, he did enter rulings and Plaintiffs have those rulings to present at trial in this matter, as well as the testimony of 4 attorneys who received those ruling (since it appears Judge Kouris is positioning himself to commit perjury). Furthermore, Judge Himonas did not review and rule on those motions, but merely entered decisions affirming Judge Kouris prior ruling. Those decisions will also be presented at trial along with the attorney's testimony they received them, as it appears, and this boggles the mind, that a Utah Supreme Court Justice is also positioning himself to commit perjury.

Furthermore, the Utah Judicial Conduct Commission (JCC) is NOT a judicial or even quasi-judicial body, and is not composed primarily of judges, even though there are a couple on the board. To claim that they have judicial or quasi-judicial immunity is to misstate facts and the purpose of the JCC. The JCC was formed by the Utah Constitution as a check to prevent abuses by judicial officers, a protector of the citizens of Utah against those abuses, and to preserve the integrity of the Utah judiciary. The fact that they would instead collude with corrupt judges and knowingly pass along complaints so that parties abused by corrupt judges could be further punished, shows how corrupt this body has become. The foxes are very literally running the hen house, and the current JCC board has perverted the very nature of their duties. Regardless, they do not benefit from any claims of judicial or quasi-judicial immunity to cover their corrupt acts and failure to perform their assigned duties.

And again, as mentioned above, a complaint need only serve as notice to Defendants, and is not the actual case or presentation of facts. In point of fact, a claim was properly stated against all parties mentioned in the original Complaint and this Court is the proper venue for the matter to be heard and with the proper authority to enter sanctions. Counsel for the Defendants is encouraged to read the Complaint in it's entirely as the pleading properly conforms to all applicable Federal rules and laws.

## VI. The Court Must Consider the Complaint in Its Entirety when Evaluating a Motion to Dismiss for Failure to State a Claim.

Defendants assert that all counts of the Complaint are conclusory and fail to state claims upon which relief can be granted. To support this argument, Defendants ask that the Court ignore all but a few of the paragraphs of the Complaint, which Defendants state do not contain sufficient factual detail.

Defendants' proposition that the Court should not consider the remaining paragraphs of the Complaint should be rejected outright. It is well established that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Magulta v. Samples, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). Defendants' provide no legal support for the proposition that these paragraphs should be pulled out of the Complaint and examined independently. Plaintiff's decision to add subheadings which enumerate and delineate the separate counts was done as a convenience to Defendants and the Court, and does not limit the factual averments in the Complaint to only what is included under each individual subheading. The Court must consider the Complaint as a whole.

Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. A review of the entire Complaint demonstrates that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' illegal practices which establish their liability for the violations of the US Constitution, US Statute, Utah Constitution, Utah Statute and the Utah Code of Judicial Conduct.

Because Plaintiffs have properly stated claims upon which relief can be granted, Defendants motion to dismiss must be denied. Because Defendants have proffered evidence that establishes a genuine dispute regarding facts material to the claims, Defendant's motion for summary judgment should also be denied. Plaintiffs request this Court deny Defendants' Motion in its entirety so that this matter may proceed to the discovery stage and even more facts may present themselves for this Court's review.

**WHEREFORE,** Plaintiffs respectfully request that Defendants' Motion to Dismiss Complaint with Prejudice be denied, that the Defendants be ordered to answer the Complaint within ten (10) days

from the date of this Court's denial, and such other relief as is just and proper.

Respectfully submitted this 11th Day of May, 2015.

_____
Signature of Anthony Babbitt

_____
Signature of J. Phillip Willson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** has been furnished by First Class U.S. Mail to:

Kyle J. Kaiser

Assistant Utah Attorney General, Attorney for Defendants

Office of the Utah Attorney General

PO Box 140856

Salt Lake City, UT 84114-0856