KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@utah.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTHONY B. BABBITT & J.PHILLIP WILLSON,<br><br>Plaintiffs,<br><br>v.<br><br>HON. MARK KOURIS, HON. CONSTANDINOS HIMONAS, COLIN WINCHESTER, MEMBERS OF THE UTAH JUDICIAL CONDUCT COMMISSION, & JOHN and JANE DOES 1-25,<br><br>Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br><br>Case No. 2:15-cv-208-BCW<br><br>Magistrate Judge Brooke C. Wells |

## INTRODUCTION

The claims against Defendants all arise from decisions made by judges, or similar judicial officers, related to Plaintiffs' divorce proceedings. Despite Plaintiffs' pleas to read in new claims, impute improper motive, and ignore binding statutory and case law, Plaintiffs' claims are

still about suing judges for judicial actions, and suing a review board for allegedly improperly processing Plaintiffs' ethics complaints.  These claims are barred by immunity, are barred by federal statutory and case law, and fail to state a claim, taking all facts as true.  They should therefore be dismissed.

## LEGAL STANDARD

The legal standards articulated by Defendants in their original Memorandum, are the appropriate standards for this Court to review Defendants' motion.  Plaintiffs' arguments that a claim may be dismissed pursuant to Rule 12(b)(6) only if "no set of facts" could support the claim were "retired" by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Ashcroft*, 556 U.S. at 670; *Cf.* Pls.' Opp. at 2–3.

Likewise, the Court may rely upon the materials provided by the Defendants in ruling on the motion without converting the motion to one for summary judgment, because all the documents were either referenced in Plaintiffs' Complaint, or are the type that may be judicially noticed.  *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991); *see also Stack v. McCotter*, No. 02-4157, 79 F. App'x 383, 391 (10th Cir. Oct. 24, 2003) (ord. & j. not selected for publication)[1]; *Ginter v. Johnson*, No. 2:13–cv-225-DN-ENF, 2014 WL 1271755, at * 2 (D. Utah March 27, 2014) (not selected for publication), *rep. & rec. adopted by id.* at *1.

Plaintiffs request that the Court "consider the complaint in its entirety." (Pls.' Opp. at 6–7.)  Certainly, such a review is appropriate.  *Tellabs, Inc.*, 551 U.S. at 322.  But in so doing, the

---

[1] Paper copies of all cases not officially reported will be provided to the *pro se* Plaintiffs.

2

complaint must still contain sufficient factual matter to state a plausible claim. *Iqbal*, 556 U.S. at 678. Further, it is not the role of the court to "supply factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

   Plaintiffs criticize Defendants for independently examining paragraphs of the complaint. (Pls.' Opp. at 7.) However, Plaintiffs themselves do not cite to any specific portions of the complaint demonstrating any factual basis to withstand the motion to dismiss. And when the Court considers the complaint as a whole, it is clear that it remains subject to dismissal.

## ARGUMENT

   Plaintiffs' arguments attacking the bases of Defendants' motion are unavailing. Judicial and quasi-judicial immunity bars Plaintiffs' claims for damages; § 1983 and *Younger* abstention bar claims for injunctive relief; Eleventh Amendment immunity, *Younger* abstention, and the Case and Controversy requirement of Article III bar Plaintiffs' claims for declaratory relief, and any remaining claims fail to state a claim. Because Plaintiffs have not challenged Defendants' arguments regarding the request for declaratory relief, and because Defendants have fully briefed their arguments regarding the counts of Plaintiffs' complaint that fail to state a claim on the merits, this Reply will focus on the issues of judicial immunity, the § 1983 bar to injunctive relief, and *Younger* abstention.

### I. Judicial Immunity Bars Plaintiffs' Claim, Including Plaintiffs' New Allegations of Conspiracy.

   As discussed in Defendants' Memorandum in Support of their Motion to Dismiss (doc. 14), judicial immunity, or quasi-judicial immunity, bars Plaintiffs' claims for damages

against the Defendants. Plaintiffs allege that their claims against Judge Kouris, Justice Himonas, Mr. Winchester, and the JCC are based in "overt misconduct and outright retribution." (Pls.' Opp. at 4) But all of these acts were "function[s] normally performed with a judge" (making rulings on motions, controlling the proceedings in a courtroom, determining whether to recuse) and undertaken as the Plaintiffs were "deal[ing] with the judge[s] in [their] judicial capacit[ies]." *Sump v. Sparkman*, 435 U.S. 349, 362 (1978). Judicial immunity applies to all of these acts, and the claims should be dismissed.

Plaintiffs argue that dismissal is inappropriate because "[a]t the very least a question of fact remains as to whether the individual Defendants could reasonably have thought their gross misconduct was in furtherance of their duties, as opposed to their individual beliefs and personal desires to exact retribution against Plaintiffs." (Pls.' Opp. at 4.) But time and time again, the United States Supreme Court has noted that "[t]he purity of [a judge's] motives cannot in this way be the subject of judicial inquiry." *Bradley v. Fisher* 80 U.S. (13 Wall.) 335, 348 (1971); *accord Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Stump*, 435 U.S. 357; *Forrester v. White*, 484 U.S. 219, 227 (1988). For judicial immunity to apply, it simply does not matter *why* a judicial officer took an action, it just matters that the action taken were judicial.

Nor do Plaintiffs' new[2] allegations of conspiracy save the claims. Numerous courts have recognized that, even if a plaintiff alleges a conspiracy, a judicial officer is still entitled to

---

[2] Plaintiffs allege that the Complaint specifically alleges a conspiracy. (*E.g.*, Pls.' Opp. at 5.) It does not. In their complaint, Plaintiffs use the words "conspiracy" or "conspire" four times. In paragraph 2, Plaintiffs allege that "Defendants … maliciously and willfully conspired to repeatedly and predictably deny both Plaintiffs of their civil rights." (Pls.' Compl. ¶ 2.) In paragraph 4, Plaintiffs blanketly allege that this conspiracy exists "within the entire State of Utah Branch of the Judiciary." (*Id.* ¶ 9.) Again in paragraph 13, Plaintiffs allege a "conspiracy amongst the judiciary …." (*Id.* ¶ 13.) And in paragraph 510, Plaintiffs allege because that Justice

4

judicial immunity, if the acts complained of in furtherance of the conspiracy were judicial in nature.

In *Denis v. Sparks*, for example, the U.S. Supreme Court recognized that a § 1983 suit against a judge was "properly dismissed" even though there were allegations that the judge was part of a "corrupt conspiracy" by private parties and the judge to prevent another party from mining, and even though an appellate court determined that the injunction that halted the mining operation, in furtherance of the conspiracy, was "illegally issued." 449 U.S. 24, 26–27 (1980). Lower courts have followed suit.[3] Therefore, Plaintiffs' allegation that a conspiracy exists "within the entire State of Utah Branch of the Judiciary" (Pls.' Compl. ¶ 9) does not remove the blanket of judicial immunity.

Finally, Plaintiffs argue that because the Utah Judicial Conduct commission is "NOT a judicial or even quasi-judicial body, and is not composed primarily of judges," then judicial

---

Himonas has been "implicated in the conspiracy … no Utah State Court could claim jurisdiction." (*Id.* ¶ 510.) Plaintiffs also allege that Defendants are liable pursuant to 42 U.S.C. § 1985, which, among other things permits a cause of action against those who "conspire … for the purpose of depriving … any person or class of persons of the equal protection of the laws …." But Plaintiffs have not alleged any facts supporting any such "conspiracy" in their complaint. Nor did they choose to title or label any of their fifty-two counts in the complaint as conspiracy. Rather, they listed individual actions undertaken by each individual defendant.
   Nonetheless, even if the Court were to construe this complaint as one for conspiracy, judicial immunity still applies, as Defendants noted in their original Memorandum, (*see* Defs.' Mem. at 14.) and as more fully discussed above.

[3] *See, e.g.*, *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085–86 (3d Cir. 1992) (citing cases from the Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits and holding that if persons are immune from Section 1983 liability for their acts by virtue of their function in the judicial process, they must be immune from Section 1983 liability for conspiring to do so.").

immunity does not apply. (Pls.' Opp. at 6.) However, it is not the identity of the person that affects the application of quasi-judicial immunity, it is the nature of their task, and the relationship of that task to the judicial process that is determinative. *Forrester*, 484 U.S. at 227 ("[I]mmunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches."). That is why judicial immunity applies to, for example:

- Pretrial services officers determining early release, *Whitesel v. Sengenberger*, 222 F.3d 861, 868–69 (10th Cir. 2000);

- Court clerks filing judgments, *Schrader v. New Mexico*, No. 09-2184, 261 F. App'x 971, 974 (10th Cir. Jan. 22, 2010) (ord. & j. not selected for publication);

- Parenting coordinators in divorce cases who assist in implementing the terms of custody orders, *Babb v. Eagleton*, 614 F. Supp. 2d 1232, 1239 (N.D. Okla. 2008); and

- Panels reviewing complaints of judicial conduct. *Kwasnik v. LeBlon*, No. 05-5210, 228 F. App'x 238, 243–44 (3d Cir. May 22, 2007) (per curiam op. not selected for publication) (recognizing judicial immunity protected Supreme Court Advisory Committee on Judicial Conduct's decision to default an ethics complaint against a judge and fail to consider a second complaint).

Defendants are entitled to judicial immunity for all the acts complained of by Plaintiffs, and the Court should dismiss all claims for damages against them.

### II. Plaintiffs' Requests for Injunctive Relief Are Barred by the Federal Courts Improvement Act.

Plaintiffs' request for injunctive relief pursuant to 42 U.S.C. § 1983 is barred. 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c), 110 Stat. 3853) (providing a civil action for redress of federal civil rights "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). The claims fall under the plain text of the statute. As discussed above, Plaintiffs' claims seek to enjoin the acts of Judge Kouris, Justice Himonas, and the decision-making of the JCC related to the retention and placement of judges. They seek removal of the judges, the recession of Judge Kouris's orders, and dismissal of all members of the JCC. (Pls.' Compl. at 65–66, Request For Relief ¶¶ 2–5). The acts challenged, and the relief requested are within the officer's judicial capacity, and § 1983 injunctive relief is barred.

Plaintiffs' citation to *Pulliam v. Allen*, 466 U.S. 522 (1984) is misplaced. While the Court held that the doctrine of judicial immunity did not bar injunctive relief against judges in general, the case was decided before the Federal Courts Improvement Act amended § 1983. As a result, injunctive relief, and any request for costs and fees, are barred. *See Knox v. Bland*, 632 F.3d 1290, 1291 n.1 (10th Cir. 2011) (recognizing that the "statutory exception to the general rule[s]" announced in *Pulliam* were "abrogated by the Federal Courts Improvement Act of 1996.").

Because § 1983 bars claims for injunctive relief, Plaintiffs' claims should be dismissed.

7

### III. *Younger* Abstention Applies.

For any claims that are not barred by judicial immunity, not prohibited by the statutory exemptions of injunctive relief discussed above, or fail to state a claim as discussed in Defendants' original memorandum, the Court should abstain from enjoining an ongoing state family law case pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37, 41 (1971).

*Younger* abstention applies in family law cases. *Moore v. Sims*, 442 U.S. 415, 418, 429–30 (1979); *Morrow v. Winslow*, 94 F.3d 1386, 1387 (10th Cir. 1996); *Hunt v. Lamb*, No. 06-3344, 220 F. App'x 887, 889 (10th Cir. Apr. 4, 2007) (ord & j. not selected for publication). And, for the reasons discussed in Defendants' Memorandum, it applies in this case. (Defs.' Mem. at 18.)

Plaintiffs argue that "Younger abstention doctrine does not apply to the matter before this Court," (Pls.' Opp. at 5) but provides no explanation about why that is true. They argue three exceptions to *Younger* abstention (without citation), but do not attempt to apply them.

The Tenth Circuit has stated that the three, narrow exceptions are related to enjoining a pending state criminal prosecution "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995) (citing *Younger*, 401 U.S. at 53–54).

Plaintiffs do not allege that any statutes or laws are unconstitutional, and the "bad faith" exception usually requires proof that a *prosecution* was frivolous, commenced due to a plaintiff's membership in a suspect class or in retaliation, and constitutes harassment, typically through use

8

of multiple prosecutions.  *Weitzel v. Div. of Occupational & Prof. Licensing*, 240 F.3d 871, 877 (10th Cir. 2001) (citations omitted).

The "extraordinary circumstances" exception applies only if the "state court [is rendered] incapable of fully and fairly adjudicating the federal issues before it …." *Kugler v. Helfant*, 421 U.S. 117 at 124 (1975).  While Plaintiffs allege bias against Judge Kouris and Justice Himonas, their cases have been reassigned, they continue to appeal, and they have a forum to present their claims that Judge Kouris was wrong in his rulings.  Any exceptions to *Younger* do not apply, and the Court should dismiss, on abstention grounds, any claims which are not otherwise barred.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their motion and dismiss Plaintiffs' Complaint with prejudice.[4]

DATED:  May 28, 2015.

SEAN D. REYES
Utah Attorney General

/s/ Kyle J. Kaiser
KYLE J. KAISER
Assistant Utah Attorney General
Attorney for Defendants

---

[4] Plaintiffs have requested that, if Defendants' motion is granted, Plaintiffs be given leave to file an amended pleading.  (Pls.' Opp. at 4.)  However, such leave need not be countenanced, and not be granted, in cases such as this where leave would be futile.  *E.g.*, *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006); *see also e.g.*, *Bangerter v. Roach*, No. 11-4111, 467 F. App'x 787, 789 (10th Cir. March 13, 2012) (ord & j. not selected for publication) (affirming dismissal of § 1983 case with prejudice, and denying leave to amend made in opposition memorandum to 12(b)(6) motion).

## CERTIFICATE OF MAILING

I certify that on May 28, 2015, I electronically filed the foregoing, **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**, using the Court's CM/ECF system and I also certify that a true and correct copy of the foregoing was sent by United States mail, postage prepaid, to the following:

Anthony Babbitt
1124 E. Sleepy Hollow Lane
Sandy, UT 84094


J. Phillip Willson
1231 Brandy Lane
Tooele, UT 84074


    /s/ Cecilia Lesmes