IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANTHONY B. BABBITT & J. PHILLIP WLLSON,<br><br>Plaintiffs,<br>v.<br><br>HON. MARK KOURIS, HON. CONSTATNTINOS HIMONAS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS<br><br>Case No. 2:15-cv-208 BCW<br><br>Magistrate Judge Brooke Wells |

The parties consented to the jurisdiction of the undersigned pursuant to 636(c).[1] Pending before the court is Defendants Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[2] Defendants assert the following warrant dismissal of this action: (1) Plaintiffs' claims are barred by judicial or quasi-judicial immunity; (2) Plaintiffs' claims are barred by the *Younger* abstention doctrine; (3) Plaintiffs' claims for injunctive relief are barred by the federal Courts Improvement Act; and (4) Plaintiffs fail to state a claim against Judge Constandinos Himonas, Colin Winchester, and the members of the Utah Judicial Conduct Commission because plaintiffs articulated no facts or legal theory to base a claim for relief.[3]

In response, Plaintiffs contest the standard of review for both Rule 12(b)(1) and Rule 12(b)(6). Plaintiffs argue Rule 12(b)(6) motions are disfavored and rarely granted. In support Plaintiffs rely upon the "no set of facts" standard.[4]

---

[1] Docket no. 13.

[2] Mtn to dismiss, docket no. 14.

[3] Mtn p. 2.

[4] Op. p. 2, docket no. 15.

After considering Plaintiffs Complaint in its entirety and in applying the correct standard under *Bell Atlantic Corp. v. Twombly*[5] and *Ashcroft v. Iqbal*,[6] rather than the outdated "no set of facts" standard, the court finds good cause to GRANT Defendants' motion.

## BACKGROUND

Plaintiffs Complaint is quite lengthy but the crux of this case arises from divorce proceedings that were presided over by Utah State Judge Mark Kouris.[7] Plaintiffs sought to have Judge Kouris disqualified multiple times after receiving adverse rulings.[8] And they allege that Judge Kouris entered orders maliciously[9] and engaged in *ex parte* communications.[10] Neither Judge Kouris nor Justice Constandinos Himonas,[11] the reviewing judge at the time in the Third District, agreed that Judge Kouris should be disqualified and Plaintiffs' motions were denied.

In December 2013, Plaintiff Babbitt filed a complaint regarding Judge Kouris with the Utah Judicial Conduct Commission (Commission).[12] Defendant Colin Winchester is the Executive Director of the Commission.[13] Plaintiff Babbit has an appeal pending in his case with the Utah Court of Appeals.[14]

---

[5] 550 U.S. 544 (2007).

[6] 556 U.S. 662 (2009).

[7] Complaint ¶¶16-23, docket no. 1.

[8] *See id.* ¶¶ 51, 66, 72-74, 84, 89, 110-11, 114, 117, 121, 132 .

[9] *See id.*, ¶¶ 2, 112, 175, 197.

[10] *See id.* ¶¶ 135-36.

[11] Judge Himonas was serving as a district court judge at the time.

[12] Complaint ¶ 108.

[13] Complaint ¶¶40-41.

[14] *Brown v. Babbitt*, case no. 104400266.

Plaintiff Wilson filed two notices of appeal and after they were consolidated, the Court of Appeals issued an order of summary dismissal on December 3, 2013.[15] These were dismissed for lack of a final order.

## STANDARDS

Because Plaintiffs are acting *pro se* the court construes their pleadings liberally and holds the submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[16] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements."[17] But, it is not the court's responsibility to assume the role of an advocate for Plaintiffs.[18] The broad reading of Plaintiffs' Complaint does not relieve them of the burden of "alleging sufficient facts on which a recognized legal claim could be based."[19] And finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[20] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing . . . an opportunity to amend [the] complaint would be futile."[21]

---

[15] *Wilson v. Wilson*, case no. 20130793-CA, 20130912-CA (Utah Ct. App. Oct. 18, 2013).

[16] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972)..

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[18] *See id.*

[19] *Id.*

[20] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[21] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction."[22] When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, as it is in this case, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6).[23]

Rule 12(b)(6) provides that a court should dismiss a case if the complaint fails "to state a claim upon which relief can be granted."[24] When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[25] To withstand such a motion to dismiss, "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"[26] The Supreme Court has provided that two working principles underlie this standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Thus, mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim. In other words, a plaintiff must offer sufficient factual allegations to raise a right to relief above the speculative level. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the [ ] court to draw on its judicial experience and common sense. Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.[27]

---

[22] Fed. R. Civ. P. 12(b)(1)

[23] *See Muscogee Creek Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) may take one of two forms. A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction. A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction.")

[24] Fed. R. Civ. P. 12(b)(6).

[25] *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10ht Cir. 1996).

[26] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *Kansas Penn Gaming*, 656 F.3d at 1214 (internal citations and quotations omitted) *see also Twombly*, 550 U.S. at 55, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009.

The Tenth Circuit has stated that this pleading requirement serves two purposes: (1) "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense," and (2) "to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.'"[28] The Supreme Court has noted that the plausibility standard seeks something more than "a sheer possibility of unlawful conduct" explaining that

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.[29]

In applying this standard the Tenth Circuit instructs that "plausibility" refers to "the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[30] "The nature and specificity of the allegations required to state a plausible claim will vary based on context."[31] Therefore to prevail in this matter Plaintiff "must offer enough specific factual allegations to 'nudge [her] claims across the line from

---

[28] *Kansas Penn Gaming*, 656 F.3d at 1215 (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 557 )).

[29] *Kansas Penn Gaming*, 656 F.3d at 1215 (quoting *Iqbal*, 556 U.S. at 678 (internal quotations omitted)).

[30] *Id.* (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570)).

[31] *Id. see e.g., Gee v. Pacheco*, 627 F.3d 1178, 1185 (10th Cir. 2010).

conceivable to plausible.'"[32] In the context of a motion to dismiss, the court may take judicial notice of a state court docket and filings.[33]

With these principles in mind the court now turns to the look at the Complaint and the motions before it.

## ANALYSIS

In their Complaint Plaintiffs assert fifty two causes of action.[34] These alleged causes of action center on purported violations of constitutional rights found in both the United States and Utah Constitutions as well as violations of Utah Statutes.[35] For example, Judge Kouris was biased and as a result "Plaintiff was seized and deprived of his rights under the . . . Fifth Amendment, the Ninth Amendments, Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution"[36] as well as under the Utah Constitution and Utah Statutes. And, Mr. Babbitt endured a wrongful seizure and deprivation of rights because his June 2010 Motion for Temporary Restraining Order was not enforced.[37]

Plaintiffs request monetary damages, a declaration that their rights were violated and injunctive relief as follows: (1) Judge Kouris be removed from office; (2) Judge Kouris be prohibited from communicating with other judges assigned to Plaintiffs' cases; (3) retrial of all issues heard by Judge Kouris; and (4) dismissal of all members of the Commission and their staff. Defendants moves to dismiss all of Plaintiffs causes of action.

---

[32] *Id.* at 1219 (quoting *Twombly*, 550 U.S. at 570).

[33] *See St Louis Baptist Temple,Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

[34] Plaintiffs' Complaint appears to be in violation of the "short and plain statement" requirement found in Federal Rule of Civil Procedures 8. *See* Fed. R. Civ. P. 8.

[35] *Id.* ¶¶198-509.

[36] *Id.* ¶¶201-203.

[37] *Id.* ¶¶204-209.

Before turning to analyze Plaintiffs' Complaint and Defendants motions, the court is compelled to note that the Complaint in this action fails to comply with Rule 8. While the standards of Rule 8 are widely acknowledged to be liberal, complaints can and at times do fail to comply with the rule. For example, courts have held that complaints violate Rule 8 when they are unreasonably long, rambling, and otherwise filled with irrelevant material.[38] A complaint that is "nothing more than an ambiguous, rambling narrative of charges and conclusions against numerous persons, organizations and agencies, which ... fails to give the dates and places of the alleged events of which plaintiff complains," violates Rule 8.[39]

A complaint is also "susceptible to being dismissed" under Rule 8 when it is "'so verbose, confused and redundant that its true substance, if any, is well disguised.'"[40] A complaint should have sufficient clarity to "avoid requiring a district court or opposing party to forever sift through its pages in search of" what the plaintiff is asserting.[41] Finally, violations of Rule 8 can result in dismissal of the complaint. On an initial violation, courts often allow the plaintiff an opportunity to amend.[42] But, dismissal with prejudice may be warranted if the amended complaint continues to violate Rule 8.[43]

---

[38] *Mitchell v. City of Colo. Springs, Colo*., 194 Fed. Appx. 497, 498 (10th Cir.2006) (affirming order dismissing complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts ... completely lacking in clarity and intelligibility"); *see also Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir.1981) (holding that a "prolix" complaint that was a "rambling narration of the discord that developed between [the parties]" violated Rule 8(a)).

[39] *Betts v. Allied Cementing Co*., No. 89–2236–S, 1989 WL 118509, at *1 (D.Kan. Sept. 19, 1989) (citing *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977)).

[40] *Franke v. Midwestern Okla. Dev. Auth*., 428 F.Supp. 719, 721 (W.D.Okla.1976), rev'd on other grounds sub nom., *Cronin v. Midwestern Okla. Dev. Auth*., 619 F.2d 856 (1980) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.1965)).

[41] *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir.1990).

[42] *See e.g.,*, *Sheets v. CTS Wireless Components, Inc.*, 213 F.Supp.2d 1279, 1283 (D.N.M.2002).

[43] *Mitchell*, 194 Fed. Appx. at 498; *Nagel v. ADM Investor Servs., Inc*., 995 F.Supp. 837, 845 (N.D.Ill.1998).

Notwithstanding the violations of Rule 8 in this case, the court will consider the merits of the Complaint and Defendants motion to dismiss.

Defendants assert the following warrant dismissal of this action: (1) Plaintiffs' claims are barred by judicial or quasi-judicial immunity; (2) Plaintiffs' claims are barred by the Younger abstention doctrine; (3) Plaintiffs' claims for injunctive relief are barred by the federal Courts Improvement Act; and (4) Plaintiffs fail to state a claim against Judge Constandinos Himonas, Colin Winchester, and the members of the Utah Judicial Conduct Commission because plaintiffs articulated no facts or legal theory to base a claim for relief.[44] The court considers each argument in turn.

### I.     Judicial or Quasi-judicial Immunity

Defendants assert they are immune from suit under judicial or quasi-judicial immunity.

In response Plaintiffs argue that at the "very least a question of fact remains as to whether the individual Defendants could reasonably have thought their gross misconduct was in furtherance of their duties."[45] Plaintiffs further argue that Defendants are incorrect in asserting they are entitled to qualified immunity. Finally Plaintiffs request in the alternative, leave to file an amended pleading. The court is not persuaded by Plaintiffs arguments.

The Supreme Court has stated that "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[46] Judicial immunity is not overcome by allegations of bad faith or malice.[47] Rather, there are two exceptions. First, "a judge is not immune from liability for nonjudicial actions, *i.e.* actions not

---

[44] Mtn p. 2.

[45] Op. p. 4.

[46] *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[47] *Id. See Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

take in the judge's judicial capacity."[48] And second, "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[49]

Here, Plaintiffs complaint focuses on decisions made by Judge Kouris and the consequences resulting from those decisions. Allegations of bad faith, malice or even corruption do not overcome judicial immunity.[50] Even decisions regarding recusal and the reassignment of cases to certain judges are judicial functions which necessitate judicial immunity. Accordingly, the court finds that judicial immunity applies to Plaintiffs Complaint.

Such immunity applies not only to Judge Kouris but also Justice Himonas and members of the Judicial Conduct Commission. Quasi-judicial immunity is "extended to non-judicial officers where 'their duties had an integral relationship with the judicial process.'"[51] Here there is nothing before the court to indicate the JCC's conduct or the conduct of Defendant Winchester, who is the Executive Director of the JCC, is anything other than part of the judicial process. Thus judicial immunity applies and Plaintiffs claims against these Defendants fail. In addition, based upon the facts of this case there is no need to allow Plaintiffs an opportunity to amend. In short, Defendants arguments regarding judicial and quasi-judicial immunity are well taken.

## II. Younger Abstention Doctrine

Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action.[52] This doctrine applies to

---

[48] *Id.*

[49] *Id.*

[50] *See id.*; *Pierson,* 386 U.S. at 554.

[51] *Whiesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000) (quoting *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987).

[52] *Younger v. Harris*, 401 U.S. 37 (1971).

administrative and civil actions.[53] "Younger abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[54] This doctrine applies when:

> 1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[55]

Here, it appears there are ongoing state court proceedings as noted by Plaitniffs' pleadings and the dockets in their cases. Second there is nothing to indicate that the state proceedings fail to provide an adequate forum to hear their claims. And finally family law involves important state interests.[56] Plaintiffs claimed exemptions to this doctrine: bad faith, prosecutorial pattern of harassment and an "irredeemably unconstitutional"[57] law are not supported by the record. The court therefore finds *Younger* applicable to this case.

---

[53] *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) *cert. denied*, 523 U.S. 1005 (1998).

[54] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[55] *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999).

[56] *U.S. v. Windsor*, 133 S.Ct. 2675, 2791 (2013) (noting that regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the states); *Sosna v. Iowa*, 419 U.S. 393, 404 (1975).

[57] Op. p. 4.

### III. Federal Courts Improvement Act

Defendants assert that the Federal Courts Improvement Act is applicable here. The FCIA barred 42 U.S.C. § 1983 actions for injunctive relief against judges for actions taken in their judicial capacity unless a declaratory decree was violated.[58]

Plaintiffs argue that they "allege several severe and repeated acts of judicial misconduct, denial of due process, abuse of judicial authority outside the scope of the law . . . violations of the United States Constitution, United States Statutes, Utah Constitution, Utah Statutes, and even the Utah Code of Judicial Conduct . . . ." therefore the Federal Courts Improvement Act does not apply. The court disagrees.

Plaintiffs' assertions are not supported by the record. There was no declaratory decree here that was violated. And there is no evidence that the Defendants acted outside the scope of their judicial authority. The mere fact that a litigant disagrees with a judge's decision does not provide a basis for § 1983 liability. If that were the case then the courts would be overwhelmed with unhappy litigants seeking to re-litigate matters that had already been resolved. The court finds Plaintiffs demands for injunctive relief are barred by § 1983.

### IV. Failure to Articulate Facts or Legal Theory to Establish a Claim for Relief

Defendants argue that Plaintiffs fail to state a claim against Judge Constadinos Himonas, Colin Winchester and members of the JCC based upon the alleged facts and legal theories. In response Plaintiffs argue Defendants misunderstand their Complaint and misstate its allegations. The court has carefully reviewed Plaintiffs entire Complaint and finds that it does fail to state a claim for relief. Plaintiffs cannot simply re-litigate their state court cases because they are

---

[58] 42 U.S.C. § 1983 (amended Oct. 19, 1996 by P.L. 104-317, Title III § 309(c, 110 Stat. 3853 ((providing a civil action for redress of federal civil rights "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

11

unhappy with what occurred. In short, there is nothing in the record that rises to the level of conduct alleged by Plaintiffs. Therefore the court must dismiss their case even after construing it under the broad standard given to *pro se* litigants.

## CONCLUSION AND ORDER

For the reasons set forth above the court GRANTS Defendants Motion to Dismiss.[59] The Clerk of the Court is directed to close this case.

DATED this 5 October 2015.

Brooke C. Wells
United States Magistrate Judge

---

[59] Docket no. 14.